## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bobby Snelson,**
**Claimant Below, Petitioner**

**v.)**   **No. 25-887**   (JCN: 2021002280)
(ICA No. 25-ICA-202)

**Bobby Snelson Bob's Painting**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Bobby Snelson appeals the October 24, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Snelson v. Bobby Snelson Bob's Painting*, No. 25-ICA-202, 2025 WL 2993729 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision). Respondent Bobby Snelson Bob's Painting filed a timely response.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Snelson sustained compensable injuries to his right wrist and knee on August 5, 2020, when he fell off a metal roof during the course of his employment. The claim was held compensable for right arm fracture and right distal radius fracture. The issue on appeal is whether the ICA erred in affirming the Board of Review's order dated April 14, 2025, which affirmed the claim administrator's orders that (1) denied compensability of right shoulder pain, right shoulder rotator cuff tear, and a right shoulder superior labrum anterior to posterior ("SLAP") tear and (2) denied authorization for a right shoulder arthroscopic rotator cuff repair, labral debridement, and possible biceps tenodesis.

On appeal, Mr. Snelson argues that the ICA was clearly wrong in affirming the Board of Review's order, asserting that the request to add right shoulder rotator cuff tear and right shoulder SLAP tear by Nick L. Zervos, M.D., orthopedic surgeon, was based upon the fact that Mr. Snelson had no symptoms or limitations prior to his injury, and all of his limitations began shortly thereafter and have continued to manifest. The claimant argues that the conditions should have been found to be compensable pursuant to *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Furthermore, Mr. Snelson argues that Dr. Zervos' request for authorization to perform right shoulder arthroscopic rotator cuff repair, labral debridement, and possible biceps tenodesis,

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Jeffrey M. Carder.

1

should have been approved as reasonable and necessary treatment under West Virginia Code § 23-4-3.

The employer counters by arguing that the evidence of record fails to establish a causal relationship between the claimant's right shoulder rotator cuff tear and other right shoulder diagnoses and symptoms and the compensable work injury occurring in August 2020. Moreover, because the right shoulder is not a compensable component of the claim, the requested right shoulder arthroscopic rotator cuff repair and labral debridement were not medically related and/or reasonably required treatment for the compensable injury. Accordingly, the employer argues that the ICA's decision should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 8, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice Thomas H. Ewing
Justice Gerald M. Titus III

**DISSENTING:**

Justice William R. Wooton
Justice Charles S. Trump IV

Trump, Justice, dissenting, and joined by Justice Wooton:

Petitioner sustained a traumatic workplace injury to his right side when he fell approximately fifteen feet off a metal roof and onto the ground. He fractured both his right wrist and right knee for which he underwent surgery, and his claim was held compensable for right arm fracture and right distal radius fracture. After petitioner began experiencing significant pain in his right shoulder, MRIs revealed rotator cuff tendinosis with partial-thickness tears of the supraspinatus and subscapularis tendons as well as a SLAP tear, with arthritic changes, and petitioner sought to add right shoulder rotator cuff tear and right shoulder SLAP tear as compensable components to his claim. Because petitioner's treating orthopedic surgeon reported that, *prior* to the roof fall, petitioner was able to "climb and reach" and work normally overhead

in his job as a painter, and the physician who performed the Independent Medical Examination (IME) could not exclude the possibility that the roof fall caused petitioner's shoulder injuries, I would reverse the lower tribunals' refusal to add right shoulder rotator cuff tear and right shoulder SLAP tear as compensable components to petitioner's claim and authorize the request for right shoulder arthroscopic rotator cuff repair and labral debridement. Accordingly, I respectfully dissent.

During an IME on May 20, 2021, Joseph E. Grady II, M.D., noted petitioner's complaint of right shoulder discomfort; Dr. Grady could not exclude the possibility that the roof fall resulted in a right shoulder injury. As the result of a subsequent IME, Dr. Grady reaffirmed that

> [t]he MRI . . . reveal[ed] some internal derangement of the right shoulder and although some of that is likely pre-existing due to arthritis in the area[,] *I cannot exclude the possibility of the labral tear that was noted on MRI might be a consequence of the incident when he fell on 08/05/2020. He did sustain a significant impact involving the right upper extremity as evidenced by the fact that he sustained fracture of the distal radius and the jarring impact from he fell [sic] could have had mechanism of injury for the right shoulder.*

(Emphasis added).

Indeed, petitioner testified that he first began experiencing problems with his right shoulder approximately one week after surgery on the right wrist and knee; that the problems have gotten progressively worse; and some days, he is unable to work at all due to shoulder pain. Consistent with this testimony, on September 5, 2023, Nick Zervos, M.D., petitioner's treating orthopedic surgeon, noted that, at the time petitioner suffered the wrist and knee fractures, "[h]e also at that time had right shoulder pain," and once the fractures healed and petitioner "started using his right arm again . . . he noticed the shoulder pain was worse." According to Dr. Zervos, petitioner "continue[d] to have pain despite injections and conservative physical therapy management. He is now having on a daily basis 8-10 out of 10 pain with use of the shoulder." Dr. Zervos recommended that petitioner's "claim be reopened for intervention for arthroscopic rotator cuff repair as well as labral debridement and possible biceps tenodesis. We believe this pathology and continued pain is due to his fall on his arm on the right side when he broke his distal radius." Dr. Zervos later reaffirmed that petitioner's right shoulder injuries should be found to be compensable components of the workplace injury, stating in a July 16, 2024, letter, as follows:

> Prior to [petitioner's August 5, 2020,] injury he was an active worker and . . . was able to climb and reach and do all tasks without any problems with his right shoulder. During the time of his injury

3

he had significant pain from his right wrist and patella fracture. He had some discomfort in his shoulder but after healing up from his wrist and patella he continued to have pain in his shoulder which continues to bother him with active use and overhead use which initially was not doing because of the fractures. Subsequent to that we worked him up for his shoulder pain with an injection with minimal relief and subsequently he had an MRI of the shoulder in 2021 which showed some rotator cuff pathology. He underwent surgical intervention recently on his shoulder on 6/13/2024 which showed a full tear of the subscapularis, supraspinatus and labral tissue. . . . *I believe with 100% certainty this injury due to the fact he had no pain prior to his fall and was able to work normally with his shoulder overhead with the fall because his shoulder injury that subsequently needed surgery and I believe this injury should at this point be covered by Worker's Comp.*

(Emphasis added).

Pursuant to syllabus point 5 of *Moore v. ICG Tygart Valley, Inc.*, 247 W. Va. 292, 879 S.E.2d 799 (2022),

> **[**a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

The evidence shows that, prior to sustaining the traumatic workplace injury to his right side, petitioner had not experienced right shoulder pain despite the presence of arthritis in that location, nor was petitioner limited in his ability to reach overhead and work normally as a painter. It was not until after the roof fall that petitioner first began having significant pain in the right shoulder, which Dr. Zervos opined "with 100% certainty" was due to the workplace injury. Under our standard set forth in *Moore*, I would reverse the decision of the ICA and hold petitioner's claim compensable for right shoulder rotator cuff tear and right shoulder SLAP tear. I would further authorize Dr. Zervos's request for right shoulder arthroscopic rotator cuff repair and labrial debridement. Accordingly, I respectfully dissent, and I am authorized to state that Justice Wooton joins in this dissent.

4